**DEAUVILLE CORPORATION v. GARDEN SUBURBS GOLF AND COUNTRY CLUB et al.**

**No. 680–M.**

District Court, S. D. Florida, Miami Division.

Jan. 13, 1943.

L. J. Cushman, of Miami, Fla. for Prince and Princess Eristavi Tchitcherine.

N. Vernon Hawthorne, of Miami, Fla., for John L. Doggett.

HOLLAND, District Judge.

The complaint herein was filed by Deauville Corporation on May 11, 1942, the defendants being Garden Suburbs Golf and Country Club, Inc., a corporation, and Bernarr MacFadden. On October 20, 1942, the plaintiff petitioned the court for substitution of attorney. Proceedings herein are outlined in the order of the court of December 16, 1942. In pursuance of the terms of said order the issue of whether Mr. Doggett had been discharged by the Prince and

Princess Eristavi Tchitcherine for good cause came on to be heard on January 4, 1943, and at that time was continued to January 6th, 7th and 8th, when evidence was heard. Argument of counsel was heard on January 9th. At the conclusion of the argument, the matter was taken under consideration.

Again, reference is made to the fact that the written contract of employment for legal services was between Prince and Princess Eristavi Tchitcherine of the one part, and John L. Doggett of the second part, and the fact that the Prince and Princess are not parties to this litigation.

The contract of employment was in writing, consisting of a letter of date April 13, 1942, addressed to John L. Doggett, Graham Building, Jacksonville, Florida, and signed by the Prince and Princess at Miami, Florida, and accepted in Miami, Florida, on April 13, 1942, by John L. Doggett. Mr. Doggett was employed as general attorney and consultant for the period of one year, effective immediately, his compensation to be $6,000 per annum, payable in four installments. Litigation was provided for, with provisions made as to added compensation. The property known as "Deauville" was specially considered and provided for in said contract of employment. It appears from the evidence that Deauville was under lease from the Prince and Princess to the MacFadden interests. In connection with litigation concerning Deauville, Mr. Doggett was to be paid a percentage of recovered money, and a flat fee for repossession of the property involved. Mr. Doggett was to receive the full co-operation of the Prince and Princess, and Mr. Doggett was to serve the Prince and Princess and their interests faithfully, loyally, and to the best of his ability. Plenary action between the parties to the contract, since there has been a discharge of Mr. Doggett, will and naturally should, follow to determine the question of his employment generally, his compensation, and inasmuch as the court trying such issue should be free to decide the issues in such case without unnecessary comment thereon in this present summary matter, I feel that the court here should adhere strictly to the business at hand, and only determine the issue in this case without extended remarks.

Mr. Doggett had many contacts with the affairs of his clients, the Prince and Princess, generally, and his activities, advice, and general counsel with regard thereto are incidental to this issue only as they touch upon his advice, general counsel, and representation in court concerning the Deauville lease to the MacFadden interests.

At the time Mr. Doggett was employed there was pending in the Circuit Court in and for Dade County, Florida, in chancery, a similar proceeding instituted by Deauville Corporation against the same defendants, the bill of complaint therein having been filed September 23, 1941. The Prince and Princess complain bitterly that Mr. Doggett did not proceed in the State action, and complain of his having filed on their behalf a similar suit in the Federal court, and further they complain of Mr. Doggett having proceeded with negotiations for settlement rather than calling up undisposed of motions, and the development of testimony from the adversaries by interrogatories, and pursuing other methods provided for by the Federal Rules of Civil Procedure. Mr. Doggett chose to proceed in regard to the Deauville lease by negotiations, and with the attempted securing of data and other information which he claims would be necessary in establishing the case of the plaintiff. Mr. Doggett as general counsel was authorized to direct the progress of the legal procedure, and especially is this the case since he had the co-operation of his clients stamping with approval his general actions up until there was a disagreement. I find that Mr. Doggett proceeded with a faithful and loyal representation of his clients' interests, and that he is not subject to the attack of not having served his clients faithfully, loyally, and to the best of his ability.

The clients also complain of Mr. Doggett with reference to alcoholic beverages. The record shows that Mr. Doggett was never under the influence of alcoholic beverages to the detriment of his clients' interests, and, according to all Florida witnesses in the case who had any business dealing with Mr. Doggett concerning the affairs of his clients, he appeared in no manner as having been indulging in alcoholics. He does not deny a Scotch and soda occasionally in the home of his clients, moderately, and at reasonable times for such relaxing stimulation. From a medical standpoint, it necessarily follows that the exhilaration that comes from alcohol does create some influence, but never was Mr. Doggett under the influence to an extent that his representation of his clients' interests was in the least adversely affected. The charges

against Mr. Doggett in this regard have totally failed.

Mr. Doggett impliedly is charged, not by the pleadings but by evidence introduced at the hearing, with having improperly collected funds belonging to his clients and not accounting therefor. This arises by reason of the cancellation of an insurance policy, and the return of an unearned premium. Evidence as to the cashing of this check by Mr. Doggett recently came to the attention of the petitioners. The insurance broker resided at Jacksonville, Florida. It seems that there was no question about the desire of all parties to have the insurance cancelled, and there seems to be no question as to the fact that there was an unearned premium for some amount. It was paid to Mr. Doggett by the insurance broker at Jacksonville, a telegram signed by the Prince and Princess having been sent from Miami to the Jacksonville broker, the authenticity of which is denied. I find that Mr. Doggett was specifically authorized to effect this collection. The record shows that there was no wrongdoing in this transaction chargeable to Mr. Doggett. The transaction does emphasize the importance of the careful handling of all money transactions with clients by attorneys. But in this case the full surroundings must be kept in mind. Mr. Doggett resided in Jacksonville some 375 miles from Miami. When he was in Miami on the business of his clients, he was the house guest in the home of his clients. Travel expenses to and from Jacksonville, and to and from Eastern cities occasioned frequent payments of money and reimbursement of expense items, and it is to be significantly observed that this item of an unearned insurance premium apparently went unobserved by the clients from July 1942 until the hearing herein in January 1943. Failure to ask questions with reference to this amount, and to make effort to collect same on the part of the clients for this length of time, adds weight to the correctness of the conclusions reached herein.

 Mr. Doggett's compensation for services in the Federal court action cannot now be determined, cannot be separated practically from the services by the general employment. The contract is entire and indivisible, and the matter of compensation of Mr. Doggett as discharged counsel is properly determined in proceedings on that contract. There should be one amount determined. The present lawsuit is only one of the matters covered by the contract. An impassé has been reached between the clients and the attorney, and with this discord brought about, Mr. Doggett is not in position to continue as representative of his clients in this action. There should be substitution, and with such substitution, the case should proceed with such other counsel.

Recovery in this litigation should be held subject to a lien for such fees as Mr. Doggett may ultimately show that he may be entitled to, in a suit between the estranged parties. The right of Mr. Doggett as an interested party to intervene to assert such a lien is recognized, and it is ordered that no settlement of this litigation in the Federal court, either by amicable settlement or by decree, is to be had without notification to Mr. Doggett of such proposed settlement, thus giving him the right to assert and claim such lien by future proceedings herein.

Consideration has been given to the principle of law involved that with such procedure Mr. Doggett is substituted by other counsel, who with the clients are in control of the policy of the case in its presentation. This suit, however, is peculiar in that the parties to the contract of employment are not parties to this suit. Furthermore, the right of compensation to the attorney is single and not divisible, and the right sometimes recognized in a discharged attorney to demand payment of definitely determined compensation as a condition to the substitution of other counsel must be and is made subservient to the principle of law above announced.

I conclude and find that the charges made against Mr. Doggett are not substantiated, and that his discharge was without cause.